UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                   **DECISION AND ORDER**
   v.                       12-CR-90-A

WALTER YOVANY VASQUEZ MACIAS,

      Defendant.

On May 11, 2012, the defendant, Walter Yovany Vasquez Macias, was found guilty by a jury of being an illegal alien person found in the United States in violation of Title 8 U.S.C. Sections 1326(a) and (b)(2). Defendant Macias moves pursuant to Fed. R. Crim. P. 29(c) for a judgment of acquittal in spite of the jury verdict.

Defendant Macias does not dispute any of his conduct as proven during his trial. Instead, the defendant contends he was not, as a matter of law, "found in" the United States for purposes of violating § 1326 because he had made his way to the Canadian side of the international border before he was taken into custody and returned to the United States. The United States contends that, because the defendant did not succeed in gaining entry to Canada, he did not leave the United States, and he was found in the United States when returned from Canada just as if he were any other illegal alien person caught inside the United States.

Defendant Macias' motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) was untimely filed. The Court has considered deeming the defendant's motion timely pursuant to its authority to do so in Fed. R. Crim. P.

45(b)(1). The Court has reviewed the arguments raised by the defendant in his motion — they were all raised before at various stages of the proceedings — and finds no arguments needing further consideration. Accordingly, the Court will decline to deem the defendant's Rule 29(c) motion for a judgment of acquittal timely and denies it as untimely.

## BACKGROUND

The United States and defendant Macias agree that, on January 10, 2012, the defendant walked across the Rainbow Bridge in Niagara Falls, New York, to the Canadian side of the bridge in Niagara Falls, Ontario. The defendant was denied entry to Canada by Canadian immigration authorities. He was returned by Canadian Immigration authorities in handcuffs to the custody of United States immigration authorities on the United States' side of the international bridge and was charged with the crime of being found in the United States illegally after having been removed.

The parties also agree that defendant Macias is neither a citizen nor a national of the United States and that, after he was convicted of an aggravated felony, he was removed from the United States to Honduras on June 29, 2000. They agree that the defendant was living in the United States for a period of years before traveling to Niagara Falls from Texas and attempting to enter Canada on January 10, 2012. They agree that he had neither sought nor obtained permission of the United States to be present in the United States or to reapply for admission.

## DISCUSSION

Fed. R. Crim. P. 29(c) authorizes a defendant to "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Id.* The guilty verdict in this case was returned and the jury discharged on May 11, 2012. Defendant Macias' Rule 29(c) motion was due on or about May 25, 2012. *See* Fed. R. Crim. P. 45(a). The defendant did not request an extension of time. The defendant's Rule 29(c) motion was filed June 7, 2012, without a motion pursuant to Rule 45(b)(1)(B) to extend the time for its filing. The motion was therefore untimely filed.

The Court has authority pursuant to Fed. R. Crim. P. 45(b)(1) to deem a late-filed motion timely. For the reasons stated below, the Court finds no reason to do so.

Defendant Macias was charged in an Indictment with violating Title 8 U.S.C. Sections 1326(a) and 1326(b)(2), which read in pertinent part as follows:

> [A]ny alien who–
>
> (1) has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in the United States, unless (a) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the attorney general has expressly consented to such alien's reapplying for admission [shall be guilty of a crime].

*Id.* To prove that the defendant was guilty of being an illegal alien person found in the United States after having been removed in violation of this law, the United States was required to prove the following four elements:

> First, that the defendant was an alien at the time of the offense alleged in the Indictment;
>
> Second, that prior to the time of the offense alleged in the Indictment, the defendant had been deported from the United States;
>
> Third, that the defendant was found in the United States; and
>
> Fourth, that the defendant had not received the express permission of the attorney general to apply for readmission.

2-33, *Modern Federal Jury Instructions–Criminal,* ¶ 33A-33 (Matthew Bender).

Defendant Macias' Rule 29(c) motion for a judgment of acquittal rests upon his argument that the Court incorrectly instructed the jurors on the "found in" element of § 1326(b). This is a Rule 29 motion that "questions whether his conviction rests on 'a mistake about the law, as opposed to a mistake concerning the weight or the factual import of the evidence." *United States v. Desnoyers,* 637 F.3d 105, 109 (2d Cir. 2011) (*quoting Griffin v. United States,* 502 U.S. 46, 59 (1991)). The defendant stresses that he does not contest any of the material facts of his conduct. In connection with his sentencing, the defendant is seeking a full three-level downward adjustment for acceptance of responsibility pursuant to 3E1.1(b) of the Sentencing Guidelines, even though he went to trial, on the ground that he does not dispute his conduct.

The Court heard substantial argument before and during the trial regarding the found-in element of the § 1326 offense and the importance of the particular wording of the Indictment in this case. After careful consideration, the Court ruled that the jury would be instructed that the United States would need to prove that defendant Macias was voluntarily in the United States on or about January 10, 2012, and that the term "voluntarily" means of one's own free will and not by coercion. The Court also ruled that, for purposes of this element, a person who was denied entry to a foreign country, and was returned to the United States' side of the port of entry, did not leave the United States, even if that person was physically on foreign territory before being brought back to the United States.

Since there appears to be no controlling authority from the Second Circuit on the argument raised by defendant Macias, the Court followed a well-reasoned decision from the Ninth Circuit. In *United States v. Gonzalez-Diaz,* 630 F.3d 1239 (9th Cir. 2011), the Ninth Circuit ruled that an alien person who was denied entry to Canada after he was paroled into Canada from the United States, and after he spent parts of two days being questioned approximately 15 miles inside Canadian territory, had never left the United States as a legal matter and was properly convicted of being "found in" the United States in violation of § 1326 upon his return to the United States' side of the border by Canadian authorities. Here, the defendant was denied entry to Canada during inspection on the Canadian side of the Rainbow Bridge at the port of entry in Niagara Falls, Ontario. Though he was on Canadian territory, he failed in his attempt to leave the United States. Because he was still in the United States after having

5

entered years earlier when he was returned to the United States' side of the port of entry, he was guilty of the found-in offense.

The Court instructed the jury on the found-in element of § 1326 consistent with the Ninth Circuit's ruling in *Gonzalez-Diaz* and other case law. Despite defendant Macias' repeated arguments now, based upon the Court's reasoning as previously stated during the trial, the Court finds no reason to reconsider its prior rulings.

Defendant Macias devotes substantial argument, as he has throughout the case, to complaining that the United States Attorney's Office has taken the position in other cases over the years, frequently involving different offenses and different circumstances, that a person crossing the international boundary line into Canadian territory has controlling significance on whether and when the person has committed an offense. Because the defendant offers no legal argument about the possible consequences if the United States has taken inconsistent positions, the Court's focus remains on this defendant, the elements of the specific offense that he was charged with in light of the facts of his conduct, and the law that properly applies to the offense as best it is interpreted today.

## CONCLUSION

The motion for a judgment of acquittal of the defendant, Walter Yovany Vasquez Macias, pursuant to Fed.R. Crim.P. 29(c) is denied as untimely filed. The Court also declines to reconsider its prior rulings that a person denied entry to a foreign country and returned to the United States' side\

of a port of entry did not leave the United States.  Even if that person was physically on foreign territory before being returned to the United States, the person may be guilty of violating Title 8, United States Code, Sections 1326(a) and (b)(2) if the person is an illegal alien person found in the United States after having been removed.  The parties shall appear for sentencing as scheduled on Friday, August 17, 2012 at 12:30 p.m.

    SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 17, 2012